LE BLANC, Justice.
 

 The plaintiff owns a property situated on East Hickory Street in Amite, La. On it he had a frame building which was insured by the defendant, the American Insurance Co. of Newark, N. J. The policy insured the building against damage or'loss by fire but it also- contained an extended coverage endorsement which included loss or damage resulting from windstorm.
 

 On September 19, 1947, while the policy was in effect, a tropical storm or hurricane struck the town of Amite and plaintiff’s ■building suffered damages for which he seeks to recover judgment in this suit. His demand is in the sum of $1695.75.-
 

 Suit was not filed until September 27, 1948 and, on the basis of the provisions of Act No. 251 of 1944, now part of the Insurance Code, LSA-R.S. 22:1-1459, and also a clause in the policy, both to the effect that no suit for recovery on an insurance policy shall be entertained in any court “unless commenced within twelve months next after inception of the loss”, the defendant plead
 
 *519
 
 ed prescription. The plea also included an exception of no right or cause of action.
 

 The district judge overruled the plea and after trial of the case on the merits rendered judgment in favor of the plaintiff in the sum of $800 plus the statutory penalty of 12% and 20% additional as attorney’s fees.
 

 On appeal tO' the Court of Appeal for the First Circuit the plea of prescription was sustained and as a consequence the judgment of the district court was reversed and the plaintiff’s suit was ordered dismissed 58 So.2d 338.
 

 Plaintiff applied for and was granted a writ by this court and the decision of the Court of Appeal is now before us for review.
 

 The question presented seems to be res nova in Louisiana.
 

 It becomes apparent upon a statement of the issue made under the plea that there is involved an interpretation of the provisions of the Insurance Code which makes it mandatory for all insurance companies doing business in the State to incorporate in their policies, among others, the limitation clause with which we are here concerned.
 

 A strict application of the language of that clause would necessarily result in sustaining the plea of prescription for the reason that plaintiff’s suit was not instituted until September 27, 1948 which was eight days more than the twelve months from the date of the storm which caused the damage claimed. The important words in the clause and those which lead to- some difficulty in interpreting it are the words “within twelve months next after inception of the loss”.
 

 In 29 Am.Jur., Insurance, Section 1397 we find the following statement:
 

 “There is a sharp conflict in the cases on the question when the time begins to run within which a suit is required to be brought under the usual policy provisions. It is usually provided that the insurer shall have a certain.time within which to pay the loss, postponing the time of payment, and that no^ action shall be sustained unless commenced within a certain time. Whatever may be the term employed in the latter provision, whether it is within a certain time ‘after loss,’ ‘after the fire,’ or ‘after death,’ many courts hold that the provision for immunity from suit and the one of limitation must be construed together and that the period of limitation does not begin to run until the loss is payable and an action might be brought against the insurer. Other courts hold that the provision limiting the time of suit must be given effect and that the time begins to run at the time the loss actually occurs.”
 

 An examination of the decisions of various courts in the country reveals the conflict which is referred to in the statement. However, we believe it can safely be said that the majority of the courts have applied
 
 *521
 
 a liberal rather than a literal construction of such a limitation clause and hold that the twelve month period does not begin to run until after the cause of action has accrued by virtue of some other provisions and requirements of -the policy, that is, sixty days after ascertainment of loss either by agreement between the insured and the insurance company, or, by arbitration as is usually provided for in the policy in case the parties are unable to agree.
 

 In this State the provisions in the statute relating to the bringing of a suit on a policy of insurance, which provision, as required by the statute is incorporated in the policy in this suit, reads as follows:
 

 “No- suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.”
 

 It thus appears that in order for a suit to be entertained by the court two conditions have to be met: (1) All the requirements of the policy must have been complied with and (2) suit must be commenced within -twelve months after the inception of the loss. As appears from the citation from American Jurisprudence, supra, for the purpose of construing its provisions, it does not seem to make any difference what the particular language of the clause relating to the time from which the twelve month limitation begins to run is. As is shown in the quoted provision of our statute the wording of the phrase is “after inception of the loss.” In other instances, as pointed out in the quoted section from American Jurisprudence, the term employed may be “after loss”, “after the fire” or probably some other. What is important in determining the issue that is presented is that no matter what the language of that particular phrase in the clause may be, the whole clause has to be construed together with the other provisions of the -policy which relate to the requirements the insured has to comply with before his suit o-r action can be sustained.
 

 In this connection we refer to- the provision in the statute and the clause in the policy which immediately precedes the one of limitation. That clause reads as follows :
 

 “The amount of loss for which this company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this company and ascertainment of the loss is made either by agreement between the insured and this company expressed in writing or by the filing with this company of an award as herein provided for.”
 
 [1]
 

 
 *523
 
 The proof of loss which the insured is required to make, and which the insurance ■company may hold for sixty days after receiving it, may, under the provisions of the statute and also of the policy, become a very detailed affair for which the law gives him sixty days to prepare and submit to
 
 [1]
 
 the company and, moreover, this term of sixty days may be extended beyond that time, all of which appears from a reading of that clause:
 

 “The insured shall give immediate written notice to this company of any loss, protect the property from further damage, forthwith separate the damaged and undamaged personal property,' put it in the best possible order, furnish a complete inventory of the destroyed, damaged and undamaged property, showing in detail, quantities, costs, actual cash value and amount of loss claimed; and within sixty days after the loss, unless such time is extended in writing by this company, the insured shall render to this company proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: * ‡
 
 »
 

 There then follows a list of the things within his knowledge and belief, which he must state and which further indicates the minute detail which may be involved in preparing the proof of loss required.
 

 Considering the time element stated in these provisions we find that at least two periods of sixty days each may intervene 'between date of the fire or storm causing the loss and the date that ascertainment of the loss may be made. The first such period is granted to' the insured to prepare the proof of loss, and as tb this, as has been noted, there may be an extension of time granted by the insurance company. The second period consists of the sixty days which the insurance company is granted to pay after receiving proof of and ascertaining the loss. Under a strict construction of the phrase, “after the inception of the loss”, therefore, the twelve month limitation for commencing suit m-ight well be reduced to as much as eight months after the fire or storm, and even more if an extention of time for preparing proof of loss is granted.
 

 It strikes us that a great part of this delay is to the advantage of the insurance company and after making use of it, as it has the right to do, it should not be given the further advantage of successfully invoking a literal compliance with the twelve month limitation clause of the policy. During the period of delay provided for, the insured’s right to bring his action is suspended, as it were, and it occurs to us that it would be rather inconsistent to hold him to' that time in order to meet the requirements of the policy in preparing and submitting his proof of loss, and at the same time charge him with it in computing the period of limitation, in commencing his suit.
 

 
 *525
 
 The Supreme Court of the United States had the same question with which we are here confronted presented to it in reviewing a decision of one of the United States Circuit Courts of Appeals in the case of Steel, Administrator, v. Phoenix Insurance Company of Brooklyn, 154 U.S. 518, 14 S.Ct. 1153, 38 L.Ed. 1064, and it affirmed the judgment of the Court of Appeals, 9 Cir., 51 F. 715, 720, which had applied a liberal rather than a strict construction of the twelve month limitation clause in the policy. In endeavoring to ascertain the intention of the parties to the contract, the court would not restrict its construction solely with reference to- the language of the clause but found it to1 be its duty to arrive at that intention by examining and considering the entire instrument, “its various clauses- and conditions, and the objects and purposes which the parties had in view at the time of the execution, acceptance, and delivery of the policy.”
 

 We quote further from the opinion as follows:
 

 “The condition in this policy which provides that no suit can be maintained for the loss incurred, unless ‘commenced within twelve months next after the date of the fire,’ should therefore be construed — in the light of all the other clauses and conditions, to mean 12 full-months, not 10 months nor 7 months nor 1 month nor 1 day, in which to bring the suit, exclusive of the time when suit could not 'be brought, either by other clauses or by any conduct of the company preventing the insured from bringing suit. In this case? the right to bring suit being postponed in one clause of the policy for 60 days after the proofs of loss were furnished, the 12-months limitation contained in another clause does not commence to run until after the expiration of the 60 days. This suit was therefore brought in time.”
 

 In line with the ruling made in that case and which, as stated in the opinion, is supported by the great weight of the authorities, and following what is the majority rule in such cases since then, we hold that the twelve mo-nth limitation clause in the policy begins to run after the plaintiff’s cause of action has accrued by the provisions of the policy, that is, sixty days after ascertainment of the loss either by agreement or by an award made by appraisers as provided for in the policy in case the parties fail to agree.
 

 Under this ruling it follows that the judgment of the Court of Appeal of the First Circuit which sustained the plea of prescription and dismissed the plaintiff’s suit will have to be reversed and accordingly,
 

 It is now ordered, adjudged and decreed that the plea of prescription herein filed on behalf of the defendant be and the same is hereby overruled.
 

 It is further ordered that the judgment of the Court o-f Appeal be and the same is
 
 *527
 
 hereby reversed, set aside and annulled and the case is now remanded to the said Court for the purpose of having it considered and disposed of on the merits.
 

 The costs involved in the application for and disposition of this writ to be borne by the defendant and all other costs to await .a final determination of the case 'on the merits.
 

 McCALEB, J., dissents from refusal of rehearing.
 

 [1]
 

 . The award mentioned in this clause refers to the award made by appraisers as provided for in the policy in case the insured and the company shall fail to agree as to the actual cash value or the amount of the loss.