HOFFPAUIR, Judge ad hoc.
On September 19, 1947 a tropical storm or hurricane struck the Town of Amite, Louisiana and damaged a building of plaintiff, Ike Finkelstein. At the time the damage was sustained the building was insured by defendant, American Insurance Company of Newark, New Jersey, against loss or damage resulting from wind storm.
Suit was filed against defendant on September 27, 1948 to recover the loss sustained. An Exception of Prescription was filed by defendant on the ground that the loss was sustained more than one year prior to the filing of the suit. This exception was overruled by the trial court after which the case was tried on its merits, resulting in a judgment for plaintiff in the amount of $800, plus 12 per cent as penalties and 20 per cent additional for attorney’s fees.
An appeal was taken to this court by defendant reurging the Exception of Prescription. The plaintiff answered the appeal asking for an increase in the award to $1,695.75, the amount prayed for in his *384 original petition. This court was of the opinion that the Exception of Prescription had been well taken, overruled the lower court, and dismissed plaintiff’s suit. 58 So. 2d 338.
Thereafter, under a writ of certiorari, the Supreme Court, 222 La. 516, 62 So.2d 820, reversed the Court of Appeal, overruling the Plea of Prescription and remanded the case to this court to be considered and disposed of on the merits.
We think the record is abundantly clear that plaintiff’s house was damaged by the hurricane and while a wind storm insurance policy was in force with defendant. Plaintiff has alleged that it cost $1,-695.75 to repair the damage caused by the wind and the rain which accompanied the storm. Plaintiff has submitted in evidence the estimates made by the contractor who repaired his home, which are substantiated by the verbal testimony of the contractor and his employees. The plaintiff accordingly paid the contractor according to his estimates. Without reviewing the lengthy testimony offered in the trial we believe that the plaintiff has sufficiently proved the damage to permit recovery.
Joseph E. Anzalone, a general contractor selling building materials with an experience of more than twenty-four years building homes, was in the process of repairing the home of the plaintiff at the time the hurricane struck. After the hurricane or storm, Anzalone, one of the witnesses for the plaintiff, inspected the home and furnished the plaintiff with an estimate of the ■damages and the cost of repairing. The first estimate is dated September 23, 1947 and reads as follows:
'“Refloor four bedrooms, hall and living room with oak flooring:
2,200 feet Oak flooring @
240.00 . $ 528.00
Nails . 6.00
Labor . 110.00
Renail ceiling and level ceiling
in hall. 40.00
Level house, material. 30.00
Labor . 120.00
3 Screen windows. 9.00
Labor . 3.00
3 Window panes. 2.25
Damage to Painting (material) 20.00
Damage to Painting (Labor).. 30.00
25 Squares 210# roofing @ 6.50 . 162.50
Labor 25 squares roofing @ 4.00 . 100.00
Nails . 6.00
$1,166.75”
Some time subsequent and while in the course of repairing the damages as outlined in the estimate of September 23, 1947, Mr. Anzalone found other damages caused by the flood in that the plaster was cracking, pulling the laths, sheathing and canvas from the walls of several of the rooms. Thereafter on October 24, 1947, another estimate for additional repairs totaling $529 was furnished to the plaintiff as follows :
“Removing damaged Plaster & lath. 50.00
2800 ft sheating K. D. @ 90.00.. 252.00
Canvas for above. 66.00
Labor canvassing. 36.00 Labor for sheating and moving
frames and base boards. 125.00
$529.00”
The witness, Anzalone, testified that the original floor was long leaf pine and under his contract was to be sanded and refinished. The walls of several of the rooms were to be papered over the plaster. Mr. Anzalone found that the plaster walls were on wood laths and the plaster had to be removed. The flooring had buckled and was in such a condition as to make it impossible to renail and refinish the floor. After finding that the original floor could not be properly nailed or refinished, and that the pine flooring was considerably higher than oak flooring, it was decided to put oak over the pine floor instead of new pine, and the estimate was made accordingly. In addition to the flooring and walls considerable dam *385 age was done to the roof and required the use of twenty-five squares of roofing to replace the damaged portions. Mr. Anzalone and all of his employees testified that all of the work was done in accordance with the estimate of damages prepared by Mr. An-zalone, and all bills were paid by the plaintiff in accordance with the estimate totaling $1,695.75.
The trial judge granted a principal award of $800. This court did not íeceive the benefit of reasons for this judgment, if any were submitted, and we are unable to ascertain just how the learned judge arrived at this figure. Nevertheless, since we are of the opinion that the damages in the amount prayed for were proven, we will allow a principal award in that amount.
The trial judge also allowed an addition of 12 per cent of $800 as penalties and 20 per cent as attorney’s fees, he being of the opinion that the provisions of Section 3 of Act No. 168 of 1908 of the Louisiana Legislature were applicable. This statute, which was in effect at the time of the loss, assesses a 12 per cent penalty and reasonable attorney’s fees in the event loss of damage is not paid for within sixty days from receipt of proof of loss.
A careful reading of this statute reflects that it pertains to “loss or damage * * * suffered * * * from fire * *” and does not provide penalties in the case of damage suffered from other causes, therefore, the assessment of 12 per cent penalties and 20 per cent attorney’s fees by the trial judge was error. Therefore, that portion of the judgment allowing an: additional 12 per cent of $800 as penalties and 20 per cent attorney’s fees will be eliminated from the judgment.
The judgment of the lower court is therefore amended and judgment rendered in favor of the plaintiff in' the amount of $1,695 plus legal interest from date of ju-dical demand until paid. Appellant to pay all costs of this appeal.
Judgment amended and as amended is affirmed.