162 So.2d 384 (1964)
Gertrude O'NEAL, Plaintiff-Appellant,
v.
The AMERICAN EQUITABLE ASSURANCE COMPANY OF NEW YORK et al., Defendant-Appellee.
No. 10121.
Court of Appeal of Louisiana, Second Circuit.
February 13, 1964.
Rehearing Denied April 13, 1964.
Writ Refused May 27, 1964.
*385 Thomas A. Self, Many, for appellant.
Morgan, Baker, Skeels & Coleman, Shreveport, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
Suit was instituted on April 25, 1958, by Miss Gertrude O'Neal against two insurance companies to recover for a fire loss sustained on September 6, 1956, as to the contents of a combination dwelling and store owned by Miss O'Neal. Named as defendants were the American Equitable Assurance Company of New York and the Orient Insurance Company of Hartford, Connecticut. The case was defended on three grounds; first, that suit was not timely filed; second, that the loss of stock in the store was not recoverable by reason of a breach of the iron safe clause; and, third, that satisfactory proof of loss had not been furnished. After trial judgment was rendered sustaining the defenses urged. From this decree plaintiff has appealed.
Salient facts are not in dispute. It is conceded that Miss O'Neal did not comply with the terms of the policy by furnishing a formal, notarized proof of loss, and it is admitted that the iron safe clause has been violated unless there has been a waiver thereof by the insurers. Plaintiff earnestly insists she has timely instituted the suit and also urges that defendants waived the conditions imposed by the iron safe clause.
The terms of the iron safe clause have application only to the stock of merchandise. In policies which insure stock as well as other property such as household items and fixtures, the loss is divisible and, excepting the stock, the loss can be paid where the stock is distinguishable; Stovall v. Girard Fire & Marine Insurance Co., 163 La. 284, 111 So. 707 [1927]; and Moore v. Louisiana Fire Insurance Company, 177 La. 645, 647, 148 So. 904 [1933].
*386 Miss O'Neal testified that at the time the policies were written the agents representing the two insurance companies made an inspection of the contents insured and made no inquiry as to whether or not she possessed an iron safe within which an inventory could be protected from fire as required under the provisions of the policy. In substance, in each of the policies the Iron Safe Clause stipulates that the policy shall be null and void where there is a failure to take a complete itemized inventory of stock once every calendar year or within thirty days of the issuance of the policy; failure to keep a set of books representing a complete record of business including purchases, sales and shipments from date of the inventories; and in failure to keep the books and inventory securely locked in a fire proof safe at night or any place not exposed to a fire which would destroy the insured's building. Miss O'Neal admitted that her only inventory of the stock and merchandise in the store was destroyed in the fire. As a consequence of this, a determination of her actual loss could only be made from memory. The acts of the agents of the insurers inspecting the stock prior to the issuance of the policies is not a proper basis for holding the defendants have waived the stringent requirements of the policy. In this respect, we observe that the insured should have complied with the provisions requiring her to keep the books and inventory in a place not exposed to a fire which would destroy the insured building, and this condition could have been met in lieu of use of an iron safe.
The plea of prescription is predicated upon a provision in each of the policies which stated:
"No suit or action on this policy for the recovery of any claim shall be sustainable in any Court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."
Related to this clause, and necessary to consider in its application, is another provision found in the policy captioned "When Loss Payable", and reads:
"The amount of loss for which this Company may be liable shall be payable sixty (60) days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided."
The uncontrovertible evidence discloses that no agreement was ever reached between the insured and her insurers as to the amount of the loss sustained. Miss O'Neal testified that she immediately gave notice of the occurrence of the fire, and on a number of occasions she was interviewed by an adjuster representing the companies, but they were never able to agree as to the loss payable under the policies. On April 26, 1957, the attorney representing the defendants wrote plaintiff's attorney that:
"We have now been instructed by the interested companies to negotiate for a settlement of the claims presented."
The letter then states:
"If you will submit, for the consideration of the two insurors a claim for the household furniture and fixtures and mercantile fixtures taking into consideration a proper depreciation, we will give this matter further consideration."
Otherwise, the letter denied liability for losses under the iron safe clause.
The evidence makes it clear that up until the date suit was filed no agreement had been reached between the parties concerned, and the insurers still had available to them the appraisal and award procedure provided for in the policy which they had failed and neglected to utilize.
We have come to the conclusion that the suit was timely filed and the judge a quo *387 erred in sustaining the plea of limitations under the aforementioned clause in the policy. The Supreme Court said in Finkelstein v. American Insurance Company of Newark, N. J., 222 La. 516, 62 So.2d 820 [1952], in a case involving the identical clauses:
"* * * Under a strict construction of the phrase, `after the inception of the loss', therefore, the twelve month limitation for commencing suit might well be reduced to as much as eight months after the fire or storm, and even more if an extention of time for preparing proof of loss is granted.
"It strikes us that a great part of this delay is to the advantage of the insurance company and after making use of it, as it has the right to do, it should not be given the further advantage of successfully invoking a literal compliance with the twelve month limitation clause of the policy. During the period of delay provided for, the insured's right to bring his action is suspended, as it were, and it occurs to us that it would be rather inconsistent to hold him to that time in order to meet the requirements of the policy in preparing and submitting his proof of loss, and at the same time charge him with it in computing the period of limitation in commencing his suit.
* * * * * *
"In line with the ruling made in that case and which, as stated in the opinion, is supported by the great weight of the authorities, and following what is the majority rule in such cases since then, we hold that the twelve month limitation clause in the policy begins to run after the plaintiff's cause of action has accrued by the provisions of the policy, that is, sixty days after ascertainment of the loss either by agreement or by an award made by appraisers as provided for in the policy in case the parties fail to agree." (Emphasis supplied)
Upon the trial a list of furniture and fixtures [that were unaffected by the iron safe clause] was filed in evidence and proof as to the correctness thereof made by the insured. Although this list and the valuations thereof were made from memory, they are not seriously disputed by the defendants. The loss so ascertained amounted to the sum of $655.22, representing furniture and items contained in the living quarters of the building, and the sum of $1,678.00, representing store fixtures and furniture, or a total loss of $2,333.22. Under the prorata loss clause found in each of the policies pertaining to the respective limits of liability, the share of total loss of the American Equitable Assurance Company of New York is fixed at $1,333.27, and of the Orient Insurance Company of Hartford, Connecticut, at $999.95.
Plaintiff has urged in brief that attorney's fees and penalties should be allowed under LSA-R.S. 22:658. In view of the fact that the delay in payment was largely caused by plaintiff's failure to furnish proper proof of loss, we are of the opinion that the penalties and attorney's fees as provided by the statute should not be imposed.
It is our holding: first, that the trial court was correct in voiding liability under the policies with respect to the contents of the store affected by the iron safe clauses; second, that the court erred in sustaining the defendants' plea of limitation of actions under the clause requiring suit to be filed within twelve months from date of the inception of the loss; and, third, that plaintiff is entitled to recover for the loss of furniture and fixtures and household items of the value set forth above.
It follows, therefore, that the judgment appealed from should be affirmed in part and reversed in part.
It is now ordered, adjudged and decreed that there be judgment in favor of Gertrude O'Neal and against the American Equitable Assurance Company of New York in the full sum of One Thousand *388 Three Hundred Thirty-three and 27/100 ($1,333.27) Dollars, with legal interest thereon from judicial demand until paid, and,
It is further ordered, adjudged and decreed that there be judgment in favor of Gertrude O'Neal and against the Orient Insurance Company of Hartford, Connecticut, in the full sum of Nine Hundred Ninety-five and 95/100 ($999.95) Dollars, together with legal interest from judicial demand until paid. Defendants are cast for all costs of this suit.