TATE, Judge.
A building owned by plaintiff and insured by defendant under a standard fire and extended coverage policy was totally destroyed by fire on December 20, 1966. When plaintiff brought this action on January 9, 1969, or two years later, for recovery under the policy, defendant filed a peremptory exception of one-year prescription. The trial judge overruled the exception, and, after trial on the merits, rendered judgment in favor of plaintiff for the full face value of the policy.
The sole issue on defendant’s appeal is whether the trial judge was correct in overruling its exception of prescription, based upon the suit’s being filed two years after the fire.
The provision of the policy on which defendant relies bars suit for the recovery of a claim unless it is “commenced within twelve months next after inception of the loss.’’[1] This provision was interpreted by *521 the Louisiana Supreme Court in Finkelstein v. American Ins. Co., 222 La. 516, 62 So.2d 820 (1952).[2]
In Finkelstein, the court sought to align Louisiana with what it determined to be the majority rule: That the prescription does not begin to run until after the cause of action has accrued by virtue of other provisions of the policy.
The court stated: “[I]t does not seem to make any difference what the particular language of the clause relating to the time from which the twelve month limitation begins to run is. * * * What is important in determining the issue that is presented is that no matter what the language of that particular phrase in the clause may be, the whole clause has to be construed together with the other provisions of the policy which relate to the requirements the insured has to comply with before his suit or action can be sustained.” (62 So.2d at 822.)
Other policy provisions allow the claimant 60 days to furnish proof of loss, and further allow the insurer 60 days from receipt of proof of loss and ascertainment of the loss either by agreement or appraisal before suit may be filed. Taking these into account and that they work principally to the advantage of the insurer in suspending the policyholder’s right to sue, the court declined to further restrict the claimant’s rights under the policy. It held that “the twelve month limitation clause in the policy begins to run after the plaintiff’s cause of action has accrued by the provisions of the policy, that is, sixty days after ascertainment of the loss either by agreement or by an award made by appraisers as provided for in the policy in case the parties fail to agree.” (62 So.2d at 823.)
The rule of the Finkelstein case probably represents the most general rule followed by the courts in construing similar clauses, i. e., that the contractual period within which to sue commences to run at the time the right to sue accrues, irrespective of the date of loss. 20A Appleman, Insurance Law and Practice, Section 11611 (1963 revision); 18 Couch on Insurance 2d, Section 75:88 (1968). See, however, Annotation, Fire Insurance—Action—Time Period, 95 A.L.R.2d 1023 (1964).
The Finkelstein interpretation was followed by the Second Circuit in O’Neal v. American Equitable Assurance Co., La.App., 162 So.2d 384, in which writs were denied, 246 La. 366, 164 So.2d 357 (“ * * * no error of law”).
The appellant relies upon dicta in Muse v. Heine, La.App.lst Cir., 189 So.2d 40, 41, as construing the Finkelstein rule to mean that the insured had a total of 16 months to bring suit (12 months, plus the two 60-day periods). There, the court held that a loss-payable mortgagee’s claim was prescribed, where he did not bring suit for fire-loss until 18 months after the owner-mortgagor had made proof of loss and had been paid by the insurer. The holding is inapplicable to the present situation, where no proof of loss nor ascertainment of the loss by agreement had occurred. In denying writs, the Supreme Court noted that the Muse intermediate judgment (decree) was correct, “according to the facts of the case.” 249 La. 734, 190 So.2d 241.
In the present case, it is stipulated that there was no agreement between the plaintiff and the defendant regarding the amount of the plaintiff’s loss. The defendant’s adjuster testified that the matter was never submitted for arbitration be *522 cause of the disagreement as to the amount of the loss. This suit was filed 13 days after the defendant company denied liability. Under the holding of Finkelstein, the contractual one-year limitation does not bar this suit, since the plaintiff’s cause of action had not accrued before he filed it.
The trial court correctly overruled the defendant’s plea of prescription and rendered judgment on the merits. We affirm, at the cost of the defendant-appellant.
Affirmed.

. The New York standard fire insurance policy was adopted by Louisiana by La. Acts 1896, No. 105. The phrase “inception of the loss,” however, originated in the 1943 New York standard policy, which was adopted by La.Acts 1944, No. 251. The phrase was carried forward in La.Acts 1948, No. 195, Section 15.01, which was amended and reenacted by La.Acts 1958, No. 125 as La.R.S. 22:691.

. Defendant cites Tracy v. Queen City Fire Ins. Co., 132 La. 610, 61 So. 687 (1913), but that case concerned an earlier New York standard policy with different wording — suit must be commenced “twelve months after the fire.” See footnote 1 above. That decision, and Guccione v. New Jersey Ins. Co., 167 So. 845 (La.App.Orl.1936), which followed it, held that, even under the earlier provision, prescription had been interrupted by filing of suit, though the suit filed was improper, requiring that it be dismissed and a new, proper action filed.