SUMMERS, Justice
(dissenting).
I would not overturn the decision in Finkelstein v. American Ins. Co. of Newark, N. J., 222 La. 516, 62 So.2d 820 (1952), arrived at by this Court after a deliberate recognition of the conflicting interpretations applied by the courts to the suit prescription provision of the policy. No clear or compelling reason has been assigned for this reversal of the Court’s position; and I suggest there are none. Rather, the precedent of the Finkelstein Case, I believe, is the better of the two views. See also O’Neal v. American Equitable Assurance Co., 162 So.2d 384 (La.App. 1964), cert. denied, “ * * * No error of law,” 246 La. 366, 164 So.2d 357 (1964); 2A Appleman, Insurance Law and Practice, § 11611 (1963); 18 Couch on Insurance 2d, § 75:88 (1968).
*989 The effect of the decision in this case is to isolate one provision of the policy and to apply a strict interpretation to that provision in utter disregard of all other policy provisions contrary to the mandate of Article 1955 of the Civil Code which directs that “All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act.”
There is, moreover, an element of estoppel involved here which has received no attention from the Court. For instance, it is evident from the insurance company’s letter of December 27, 1968 rejecting the claim that negotiations for a settlement had been underway until that time (long after the one-year period had elapsed), and the inference is inescapable that plaintiff relied upon this understanding. Only the letter broke off those negotiations, after which suit was filed promptly, within days. This confirms my view that plaintiff and defendant understood from the circumstances that the company would not and could not invoke prescription under the rule of the Finkelstein Case while the parties were mutually engaged in negotiations in an attempt to ascertain the amount of the loss, there being no doubt that an actual loss did in fact occur. Since the provisions concerning proof of loss and time for filing suit are inserted for the benefit of the insurer, the insurer may, and did, effectively waive those provisions by continuing with these protracted negotiations tending toward an agreement on the extent of the loss prior to and long after one year after the storm damage.
I respectfully dissent.