LEMMON, Judge.
Pennsylvania Millers Mutual Insurance Company appeals a- judgment awarding $4,401.00 to its insured, Marcus Pinion, in a suit on a standard fire and extended coverage policy.
Pinion owned a double house in the City of New Orleans, which was used for rental purposes. The house was damaged in Hurricane Betsy on September, 9, 1965.
Pinion reported the loss to his insurance agent, who inadvertently referred the claim to the company which insured Pinion’s personal residence. The claim was adjusted, but before the settlement papers were executed, the fact of the wrong insurer was discovered.
Pennsylvania was finally notified of the claim on May 2, 1966, almost eight months after the casualty. The adjuster visited the property on the next day and allegedly found the roof wide open. Because Pennsylvania suspected that Pinion did not fulfill his contractual obligation of preserving the premises, the adjuster was instructed by the company to negotiate the claim only under a non-waiver agreement,[1] which Pinion refused to sign. After this refusal in the latter part of May, the adjuster did nothing further toward negotiating the claim.
Suit was filed on September 15, 1967, more than two years after the hurricane.
Pennsylvania filed an exception of prescription, which was overruled. After trial on the merits, judgment was rendered in favor of Pinion.
On appeal, Pennsylvania re-urges its exception of prescription and cites the case of Gremillion v. Travelers Indemnity Company, 256 La. 974, 240 So.2d 727 (1970), which was decided while the appeal in the present case was pending. The Gremillion case interpreted LSA-R.S. 22:691, subd. F, which in prescribing the form of the standard fire insurance policy requires the following provision:
<< iji 5}í
“Suit — No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." (Emphasis supplied)
As required, this provision was restated, word for word, in Pinion’s policy.
The Supreme Court in the Gremillion case construed the phrase “inception of the loss” to mean the time of the fire. Therefore, the court concluded that a suit was prescribed if not timely filed within the limits of the policy and within the *735 deadline established by LSA-R.S. 22:691. The decision emphasized at page 731:
“* * * the limit of twelve months is not in the language of the insurance company; it is the language of the Legislature and expressed in words which the statute supra required to be inserted in the policy, word for word, line for line, number for number.”
In the present case the “inception of the loss” was the date of Hurricane Betsy, and suit was not filed until more than two years later. If the limitation clause is effective, then the action is obviously barred.
However, Pinion contends that he was lulled into a false sense of security, as were the plaintiffs in Brocato v. Sun Underwriters Ins. Co. of New York, 219 La. 495, 53 So.2d 246 (1951), and O’Neal v. American Equitable Assurance Co. of New York, 162 So.2d 384 (La.App. 2 Cir.1964), which held that the limitation provisions were waived by the insurer.
However, an examination of these cases reveals that the negotiations with the plaintiffs were continued well beyond the prescriptive period, and that suit was filed immediately after failure of negotiations. As stated in Brocato, supra at page 249:
“The insurer cannot hold out the hope of an amicable adjustment of the loss, and thus delay the action of the insured, and then plead the delay, caused by his own conduct, as a defense to the action when brought.”
In the present case negotiations broke down in May, and the period for filing suit did not elapse until September. Pinion admitted in his testimony that he never again saw the adjuster after he refused to sign the non-waiver agreement in May.[2]
Furthermore, not only did Pinion fail to prove reliance from May to September as a basis of his failure to file suit during the limitation period, but he also allowed another full year to pass before taking action.
We find no waiver of the .time limitation by Pennsylvania or any other basis on which to suspend the running of prescription.
The judgment of the trial court is therefore reversed, the exception of prescription maintained, and the suit dismissed, all costs to be paid by the defendant-appellant.
Reversed, exception maintained, suit dismissed.

. The non-waiver agreement allowed the company to fully investigate the claim without an admission of liability or a waiver of any terms or conditions of the policy.

. While Pennsylvania may have acted arbitrarily by refusing to provide service until execution of the non-waiver agreement, their requirement of the agreement indicates a reservation of admission of liability, which is one of the several important factors considered in other “lulling” cases.