HOOD, Judge.
Mrs. Gertie Hall instituted this suit to recover benefits alleged to be due her under a life insurance policy issued by defendant, Provident Life & Accident Insurance Company. A summary judgment was rendered by the trial court dismissing the suit, and plaintiff has appealed.
There is no dispute as to the facts. The issue presented involves an interpretation of the provisions of the policy.
Plaintiff’s husband, Richard Dale Hall, was killed in a helicopter crash in the Gulf of Mexico on October 8, 1966. There was in effect at that time a group life insurance policy issued by defendant, insuring the lives of the employees of Tidex, Inc., and/or Tidewater Marine Service, Inc. Richard Dale Hall was included as an insured under that contract, and plaintiff was named as his beneficiary in the policy.
The policy issued by defendant provides a life insurance benefit of $5,000.00, and an additional benefit of $5,000.00 in event of loss of life as the result of nonoccupational bodily injuries due to external, violent and accidental means. After the death of Mr. Hall, defendant paid the sum of $5,000.00 to plaintiff, representing the benefit due as life insurance, but it refused to pay the additional sum of $5,000.00 claimed by plaintiff as the accidental death benefit. Plaintiff instituted this suit for the additional sum of $5,000.00, alleging that that amount is due her under the policy, since her husband's death was caused by violent and accidental means.
Under the heading of “General Provisions,” the policy provides:
“Legal Actions — No action at law or in equity shall be brought to recover on the group policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of the group policy. No such action shall be brought after the expiration of three years after the time *437 written proof of loss is required to be furnished,” (italics added).
The policy also provides under the same general heading that:
“Proofs of Loss — Written proof of loss must be furnished to the Insurance Company at its said office in case of claim for loss for which the group policy provides any periodic payment contingent upon continuing loss within ninety days after the termination of the period for which the Insurance Company is liable and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.” (italics added).
This suit was instituted on January 29, 1970, or three years and 113 days after the death of the insured. Defendant filed a motion for summary judgment, contending that plaintiff’s suit was filed too late, since it was instituted more than three years and 90 days after the loss was sustained. The trial judge concluded that plaintiff is barred from maintaining the action by the prescription provided in the policy, and judgment was rendered dismissing the suit. It is from that judgment that plaintiff has appealed.
Plaintiff takes the position that she had three years and ISO days after the death of the insured, or until March 6, 1970, within which to institute suit, and she contends that the suit thus was timely filed. She argues that under the provisions of the policy the three year prescriptive period therein provided does not commence to run until after her right to sue accrued, that is, until after the expiration of the 90 day period allowed for filing a proof of loss and the 60 day period during which no suit can be filed.
Defendant contends that the three year prescriptive period commenced to run 90 days after the death of the insured or on January 6, 1967, and that this suit was not timely filed since it was not instituted until after January 6, 1970.
Subject to statutory limitations, a policy of insurance is a contract between the parties, and as between them it constitutes the law of the case. The rules of its interpretation are the same as for agreements generally, and where the language is clear and expresses the intention of the parties, the contract will be enforced as written. Pappas v, Aetna Casualty & Surety Company, 191 So.2d 658 (La.App. 2 Cir. 1966); Labbe v. Mt. Beacon Insurance Company, 221 So.2d 354 (La.App. 4 Cir. 1969).
The general rule is that where the provisions of a contract are ambiguous, the contract will be construed against the party who framed it. Where there is room for doubt as to the meaning of an insurance policy, the courts generally have held, consistent with the above mentioned general rule, that the policy will be construed against the insurer and in favor of the insured, especially where a forfeiture is involved, so that indemnity will be granted rather than denied. Muse v. Metropolitan Life Insurance Company, 193 La. 605, 192 So. 72 (1939).
A provision in an insurance policy fixing a definite delay within which suit thereon must be filed is binding on the parties, unless the provision is contrary to express law. Muse v. Heine, 189 So.2d 40 (La.App. 1 Cir. 1966); and Green v. Peoples Benev. Industrial Life Insurance Company of Louisiana, 5 So.2d 916 (La.App. 2 Cir. 1941). In the instant suit, the provisions of the policy limiting the time within which suit may be instituted are not contrary to any express law of this state. That provision of the policy is binding on the parties, therefore, and will be enforced as written.
*438 We have considered the policy involved in the instant suit with the above rules in mind. The three year prescriptive period provided in that policy begins to run “after the time written proof of loss is required to be furnished.” The written proof of loss is required to be furnished “within ninety days after the date of such loss.” We interpret the policy to mean that the three year period within which a suit may be brought to recover on that policy commences to run 90 days after the death of the insured. In this case the death of the insured occurred on October 8, 1966. The written proof of loss was required to be filed within 90 days thereafter, or by January 6, 1967. And, under the provisions of the policy suit could be filed within three years after the last mentioned date, or by January 6, 1970. This suit was not filed until January 29, 1970, which was too late.
We find no merit to the claim that the three year prescriptive period does not begin to run until 60 days after the 90 day period allowed for filing a proof of loss. Plaintiff argues that she was precluded from filing suit "prior to the expiration of sixty days after written proof of loss has been furnished,” that her “right to sue” thus did not accrue until the expiration of that sixty day period which occurred on March 6, 1967, and that the three year prescriptive period thus did not commence to run until March 6, 1967. According to plaintiff’s computations, she had until March 6, 1970, within which to sue, and she contends that her suit thus was timely filed.
To support that argument plaintiff relies on the cases of Finkelstein v. American Insurance Company of Newark, New Jersey, 222 La. 516, 62 So.2d 820 (1952); and Steel, Administrator, v. Phoenix Insurance Company of Brooklyn, 154 U.S. 518, 14 S.Ct. 1153, 38 L.Ed. 1064 (1894).
The Finkelstein case was specifically overruled by our Supreme Court in Gremillion v. Travelers Indemnity Company, 256 La. 974, 240 So.2d 727 (1970). In Gremillion a fire policy provided that no suit on the policy shall be sustainable “unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.” Among the “requirements” of the policy prior to suit were the filing of a proof of loss within 60 days after the loss, the selection of appraisers within 20 days after the parties fail to agree on the amount of the loss; and the appointment of an umpire within 15 days after the appraisers fail to agree on one. Although the policy provided that no suit could be filed until after these requirements were met, our Supreme Court held that the prescriptive period of one year nevertheless commenced to run on the day of the fire loss, and not on the day the other “requirements” relating to proof of loss were completed. In our opinion that holding is applicable here. We do not consider the Steel case to be applicable, but if it should be considered as being in conflict with Gremillion, then we feel bound to follow the holding of our Supreme Court in the latter case.
We find no ambiguity in the provisions of the policy involved here relating to the time within which suit on the policy may be filed. Our conclusion is that this suit was not timely filed, since it was instituted more than three years and 90 days after the death of the insured. We, therefore, find no error in the judgment of the trial court dismissing the suit.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.