272 So.2d 57 (1973)
Mrs. Ruby Mae HUGHES
v.
FIRST NATIONAL LIFE INSURANCE COMPANY.
No. 5172.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1973.
*58 Benjamin Washastrom, Solomon S. Goldman, New Orleans, for plaintiff-appellant.
Normann & Normann, Charles E. Leche, New Orleans, for defendant-appellee.
Before SAMUEL, CHASEZ and STOULIG, JJ.
STOULIG, Judge.
This is an appeal from a judgment maintaining an exception of prescription to the claim of Mrs. Ruby Mae Hughes for payment of the principal sum of an accident insurance policy on the life of her late daughter. The merits of the appeal involve only the interpretation of certain policy provisions, the following salient facts not being in dispute.
Appellee, First National Life Insurance Company, issued the aforementioned accident policy, naming the appellant as beneficiary. The insured died on January 2, 1970, as a result of multiple gunshot wounds. On January 26, 1970, appellant's attorney made written demand for payment of the policy. By letter dated February 5, 1970, the insurer denied coverage under the "Exceptions and Reductions" clause of the policy on the basis that the insured's death was the result of a homicide. No proof of loss, formal or informal, was ever tendered to the insurance company.
Mrs. Hughes filed suit on August 3, 1971, some 18 months after the insured's death. The defendant filed an exception of prescription, urging that the policy provides a maximum of one year and 90 days from the insured's death within which to file suit. Appellant maintains that under the policy she has two years within which to file this action. Thus the issue raised by this appeal is the proper interpretation of the following policy provisions, which incorporate the statutory requirements of LSA-R.S. 22:213 (the Insurance Code):

"Notice of Claims and Proof of Loss Written notice of bodily injury on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury. * * * Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible.
"The Company upon receipt of such notice will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If the Company fails to furnish appropriate forms within fifteen days after the receipt of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting *59 within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character, and extent of the loss for which claim is made.
"Affirmative proof of loss must be furnished to the Company at its said office within ninety days after the date of the loss for which claim is made. Failure to furnish such proof within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to furnish such proof and that same was furnished as soon as was reasonably possible, and within one year from time such proof would otherwise be required hereunder.

"Legal Action and PrescriptionNo action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy. Nor shall any action at law or in equity be brought at all unless brought within one year from the expiration of the time within which proof of loss is required by the policy. The sixty day period referred to in this clause during which time no action can be brought to recover on the policy shall not be deemed to extend the period during which such action must be brought."
Appellant contends that the insurer's failure to provide proof of loss forms rendered it not "reasonably possible" to submit such proof within 90 days and that this extended the period for furnishing such proof from 90 days to one year. To the extended period he engrafts the contract covenant "nor shall any action at law or in equity be brought at all unless brought within one year from the expiration of the time within which proof of loss is required by the policy," thereby concluding that the aggregate filing period is two years.
This reasoning cannot prevail over the express terms of the policy when related to the sequence of events in this case. Notice of the claim was contained in appellant's letter of January 26, 1970. Upon the company's failure to furnish the appropriate forms within 15 days, the policy provides that the appellant had the right to submit "* * * within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character, and extent of the loss for which claim is made." Instead of extending the period for furnishing proof of loss from 90 days to one year because it was not reasonably possible to comply, this section of the policy afforded appellant the right to file informal written proof of the loss on other than company forms.
Analysis of the controlling case law reflects that the jurisprudence does not sustain appellant's interpretation of these contractual covenants.
The case of O'Neal v. American Equitable Assurance Company of New York, 162 So.2d 384 (La.App.2d Cir. 1964), on which appellant relies is distinguishable. That case dealt with the decidedly different situation where the parties could not agree on the "ascertainment of loss," and the plaintiff was led to believe the claim would be settled. In O'Neal the court relied upon the case of Finkelstein v. American Ins. Co. of Newark, N. J., 222 La. 516, 62 So.2d 820 (1952), which was subsequently overruled by the Supreme Court in Gremillion v. Travelers Indemnity Company, 256 La. 974, 240 So.2d 727 (1970).
Analogous to the instant matter is the recent case of Hall v. Provident Life & Accident Insurance Company, 250 So.2d 435 (La.App. 3d Cir. 1971). There, the court, addressing itself to an identical argument, succinctly restated the following legal principles at pages 437 and 438:
"Subject to statutory limitations, a policy of insurance is a contract between the parties, and as between them it constitutes the law of the case. The rules of its interpretation are the same as for agreements generally, and where the language *60 is clear and expresses the intention of the parties, the contract will be enforced as written. [Citations omitted.]

* * * * * *
"A provision in an insurance policy fixing a definite delay within which suit thereon must be filed is binding on the parties, unless the provision is contrary to express law. [Citations omitted.] In the instant suit, the provisions of the policy limiting the time within which suit may be instituted are not contrary to any express law of this state. That provision of the policy is binding on the parties, therefore, and will be enforced as written.
"We have considered the policy involved in the instant suit with the above rules in mind. The three year prescriptive period provided in that policy begins to run `after the time written proof of loss is required to be furnished.' The written proof of loss is required to be furnished `within ninety days after the date of such loss.' We interpret the policy to mean that the three year period within which a suit may be brought to recover on that policy commences to run 90 days after the death of the insured. In this case the death of the insured occurred on October 8, 1966. The written proof of loss was required to be filed within 90 days thereafter, or by January 6, 1967. And, under the provisions of the policy suit could be filed within three years after the last mentioned date, or by January 6, 1970. This suit was not filed until January 29, 1970, which was too late."
Applying the foregoing jurisprudence, we find appellant's right to legal action has expired. Not only are these provisions not contrary to law, they are expressly required by it (LSA-R.S. 22:213). The legislative intent is clear. The statutory provision allowing claims when the proof of loss is submitted after the primary 90-day period but before one year, cannot reasonably be construed to extend the period for the commencement of legal action beyond that stated in the policy. The provision limiting legal actions to one year from the expiration of the 90-day period for submitting the proof of loss is explicit and unambiguous and constitutes the law between the parties.
Accordingly, appellant's action is prescribed and the judgment of the trial court maintaining the exception of prescription is affirmed. All costs of this appeal are assessed to appellant.
Affirmed.