YELVERTON, Judge.
The plaintiff herein, P.O.P. Construction Company, as the assignee of Mr. and Mrs. Rodney Powell of their rights by virtue of a written assignment, brought this suit against the Powells’ fire insurer, State Farm Fire & Casualty Company, to recover damages based on a fire that occurred March 25, 1973. The suit was filed April 11, 1974, more than a year from the date of the fire. The defendant filed the peremptory exception of prescription of one year. The exception was maintained by the trial court and the suit was dismissed. Plaintiff has appealed. In affirming the decision of the trial judge, we adopt as our own his excellent written reasons for judgment.
“This matter comes before the Court on a peremptory exception of prescription filed on behalf of Defendant State Farm Fire and Casualty Company. The exception responds to plaintiff’s petition for damages due to fire.
*864 “The facts herein are in substance that on March 25, 1973, a house located at 5472 Dickens Drive, owned by Mr. and Mrs. Rodney Powell and insured by State Farm, was destroyed by fire. On September 12, 1973, defendant paid the mortgagee, American Bank and Trust Company, the sum of $35,000.00, as it was obligated to do under the insurance policy. Although the Pow-élls filed proof of loss claims, payment was never made by the insurer.
“On April 11, 1974, more than one year after the fire, plaintiff, who had written assignment of all rights to a cause of action, filed suit against State Farm for damages in the amount of $35,000.00. Defendant pled prescription and denied liability because of untimely filing of this suit. Plaintiff submits that it had sixteen months within which to file suit under the jurisprudence interpreting the policy language. In the alternative, plaintiff asserts defendant’s waiver of the one-year limitation.
“The insurance policy pertinently provides on page two, line 157:
‘SUIT. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.’
The above provision is taken from the language prescribed in the Louisiana Insurance Code for standard fire insurance policies under LSA — R.S. 22:691(F). As such, it has been held valid and enforceable by numerous Courts of this State, including the Louisiana Supreme Court. In Gremillion v. Travelers Indemnity Company, 256 La. 974, 240 So.2d 727 (1970), the Court stated:
‘A provision such as contained in the present policy, “Unless commenced within twelve months next after inception of the loss” is valid.’
“Plaintiff, however, takes the position that in reading the provisions of the entire policy and construing them in their proper context, it should have at least one year after the lapse of one hundred twenty days within which to bring this suit. In support of its position, plaintiff cites Finkelstein v. American Insurance Company of Newark, N. J., 222 La. 516, 62 So.2d 820 (1952), and Steel, Administrator v. Phoenix Insurance Company of Brooklyn, [154 U.S. 518] 14 S.Ct. 1153 [38 L.Ed. 1064]. The Court in Finkelstein interpreted the phrase ‘after the inception of the loss’ as follows:
‘Under a strict construction of the phrase “after the inception of the loss,” therefore, the twelve month limitation for commencing suit might well be reduced to as much as eight months after the fire or storm, and even more if an extension of time for preparing proof of loss is granted.
‘It strikes us that a great part of this delay is to the advantage of the insurance company and after making use of it, as it has the right to do, it should not be given the further advantage of successfully invoking a literal compliance with the twelve month limitation clause of the policy. During the period of delay provided for, the insured’s right to bring his action is suspended, as it were, and it occurs to us that it would be rather inconsistent to hold him to that time in order to meet the requirements of the policy in preparing and submitting his proof of loss, and at the same time charge him with it in computing the period of limition in commencing his suit.
‘In line with the ruling made in that case and which, as stated in the opinion, is supported by the great weight of the authorities, and following what is the majority rule in such cases since then, we hold that the twelve month limitation clause in the policy begins to run after the plaintiff’s cause of action has accrued by the provisions of the policy, that is, sixty days after ascertainment of the loss, either sixty days after ascertainment of the loss either by agreement or by an award made by appraisers as *865 provided for in the policy in case the parties fail to agree.’
“This Court agrees that the policy language as interpreted in the above quote supports plaintiff’s contention. However, Finkelstein has been expressly overruled by a subsequent Supreme Court decision. In Gremillion v. Travelers Indemnity Company (supra) the Court discussed the Finkelstein case and concluded:
‘Under Finkelstein, the Court of Appeal held that the twelve months limitation began to run December 27, 1968, when Travelers wrote plaintiff the letter, supra, denying liability.
‘Initially, we find that LSA-R.S. 22:691 was not correctly interpreted in Finkelstein. This case must be overruled, and we hereby overrule it.’
“The Court also defined the phrase ‘inception of the loss’ as follows:
‘ “Inception” is defined in Webster’s New World Dictionary, College Edition, as “a beginning or being begun; start; commencement. — SYN. see origin.” We are constrained to conclude that the phrase “inception of loss” means the time of the fire and not the time of the ascertainment of the loss from fire damage. It is to be noted that the limit of twelve months is not in the language of the insurance company; it is the language of the Legislature and expressed in words which the statute supra requires to be inserted in the policy, word for word, line for line, number for number. Ramsey v. Home Insurance Company, 203 Va. 502, 125 S.E.2d 201, April 23, 1962.’
“The Steel case (supra), also relied upon by plaintiff did not arise in this State and is merely cited by Finkelstein as authority. This Court is not obliged to follow the ruling set forth in Steel. See Stone v. Stone, 292 So.2d 686 (La.1974) Rehearing Denied.
“In its alternative argument, plaintiff avers that it was lulled into a sense of security that the case would be settled. Thus, plaintiff urges that defendant’s payment of the mortgage indebtedness on the insurance policy to American Bank is evidence of defendant’s bad faith. In support thereof, plaintiff cites numerous cases.
“This Court is in agreement with the general principles set forth in the cases relied upon by plaintiff. In short, they stand for the proposition that where an insurer has by its conduct waived the contractual limitation inserted for its benefit in the policy, the statutory limitation will govern the time within which any action should be commenced. The waiver need not be written, but must be evidenced by conduct on the part of the insurer which indicates continuation of negotiations thereby inducing the insured to believe that his claim will be settled without suit.
“In Pinion v. Pennsylvania Millers Mutual Insurance Company, 245 So.2d 733 (La.App. 4th Cir. 1971), the Court was concerned with the issue of waiver. It compared the cases of Brocato v. Sun Underwriters Insurance Company of New York, 219 La. 495, 53 So.2d 246 (1951), and O’Neal v. American Equitable Assurance Company of New York, 162 So.2d 384 (La.App. 2nd Cir. 1964), two cases relied upon by plaintiff herein, and concluded:
‘However, an examination of these cases reveals that the negotiations with the plaintiffs were continued well beyond the prescriptive period, and that suit was filed immediately after failure of negotiations. As stated in Brocata, supra at page 249:
“The insurer cannot hold out the hope of an amicable adjustment of the loss, and thus delay the action of the insured, and then plead the delay, caused by his own conduct, as a defense to the action when brought.”
‘In the present case negotiations broke down in May, and the period for filing suit did not elapse until September. Pinion admitted in his testimony that he never again saw the adjuster after he *866 refused to sign the non-waiver agreement in May.’
“This Court must conclude that the cases cited by plaintiff are not apposite to the facts presented herein. In finding an absence of waiver, this Court is pursuaded by a lack of any evidence at the hearing on the exception which will support a finding that plaintiff had been lulled into a sense of security. Payment made to American Bank under the loss payable clause did not constitute a waiver of the contractual time limitation. As discussed hereinabove, the insurer was merely fulfilling its obligations under the policy provision. This Court has no alternative but to conclude that the plaintiff’s suit was not filed timely within the limits of the policy and within the deadline established by LSA-R.S. 22:691. The plea of prescription filed by State Farm therefore has merit and must be maintained.
* * * ”
For these reasons, the ruling of the trial judge is affirmed at plaintiff-appellant’s costs.
Affirmed.