IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30943
Summary Calendar
_____


MARION L. NOLAND,

                                        Plaintiff-Appellant,

versus

SUN LIFE ASSURANCE COMPANY OF CANADA,

                                        Defendant-Appellee.

Appeal from the United States District Court for
the Middle District of Louisiana
(USDC No. 98-CV-751-C-M1)
_____
March 19, 2001

Before REAVLEY, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    We affirm the district court's summary judgment in favor of appellee Sun Life

Assurance Company of Canada (Sun Life), and essentially agree with the reasoning of the

district court set forth in its Order and Reasons.

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

We assume without deciding that the disability plan offered by appellant Nolan's employer, Louisiana State University, was an employee benefit plan subject to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. We have held that in a suit to recover benefits under an ERISA plan, we look to analogous state law to determine the statute of limitations, and that under Louisiana law that state's ten-year prescription period for personal actions under article 3499 of the Louisiana Civil Code is the most analogous state statute. See Hall v. Nat'l Gypsum Co., 105 F.3d 225, 230 (5th Cir. 1997); Kennedy v. Electricians Pension Plan, IBEW No. 995, 954 F.2d 1116, 1120 (5th Cir. 1992).

We note that while Hall and Kennedy concerned ERISA benefit plans, neither case involved a plan where the employee benefit was provided by an insurance policy. The district court suggested that where the benefit in issue is claimed under an insurance policy, as in the pending case, the most analogous state statute is § 22:213(A)(11) of the Louisiana Revised Statutes, which is applicable to health and accident insurance and provides for a one-year prescription period. See Order and Reasons at 3 n.1. We need not decide this issue.

Instead, we agree with the district court that, under Louisiana law, the parties to an insurance policy may contractually agree to limit the period within which suit must be filed, that such a contractual period of prescription is valid so long as it does not contravene a state statute or public policy, and that the contractual three-year period provided in Sun Life's policy is valid under Louisiana law. See Sargent v. Louisiana

2

Health Serv. & Indem. Co., 550 So.2d 843, 846 (La. Ct. App. 1989) (noting that contractual fifteen-month period for filing suit was longer than one-year period found in § 22.213, and as such "the insurance policy has the effect of law as it is clear and unambiguous and is not in conflict with statute or public policy. It sets forth the prescriptive provisions that control the present case."); Hughes v. First Nat'l Life Ins. Co., 272 So.2d 57, 60 (La. Ct. App. 1973) (holding that contractual one-year period for filing suit is not contrary to law and "constitutes the law between the parties"); Hall v. Provident Life & Accident Ins. Co., 250 So.2d 435, 437 (La. Ct. App. 1971) (holding that contractual three-year period for filing suit is not contrary to state law and is binding on the parties). Again, this issue did not arise in our Hall and Kennedy cases.

There is no dispute that Nolan's claim was not brought before the expiration of the contractual three-year period. Accordingly, summary judgment was properly granted.

AFFIRMED.