## Richmond

HARRY LUCAS RAMSEY v. THE HOME INSURANCE COMPANY.

April 23, 1962.

Record No. 5346.

Present, All the Justices.

*Henry Breckinridge Vance* (*Robert C. Smith*, on brief), for the plaintiff in error.

*Edward A. Marks, Jr.* (*Sands, Anderson, Marks & Clarke*, on brief), for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff, Harry Lucas Ramsey, instituted this action on March 20, 1958, to recover under a fire insurance policy issued to him by the defendant, The Home Insurance Company, for the loss sustained when the property insured was destroyed by a fire which occurred

on February 13, 1957. The trial court sustained the defendant's special plea that the action was not commenced within twelve months next after the inception of the loss, as required in the policy and by statute, and entered summary judgment for the defendant. Rule 3:20 of Rules of Court. The correctness of this ruling is the question presented on this appeal.

The policy, which was dated January 5, 1957, was the standard form containing the provisions required by §§ 38.1-365 and 38.1-366, part of Title 38.1 of the Code, comprising the statute law on the subject of Insurance. It was enacted by the General Assembly as chapter 317 of Acts, 1952, following a study and report by the Virginia Advisory Legislative Council as directed by the General Assembly of 1946. 39 Va. Law Rev. 547.

Section 38.1-363 provides that no policy of fire insurance on property in this State shall be issued or delivered unless it conforms to the requirements of Title 38.1.

Section 38.1-365 prescribes the wording of the insuring agreement, while § 38.1-366 states the provisions which every fire insurance policy shall contain. These provisions are set out in lines numbered from 1 to 165, and the section concludes with the warning that no change shall be made in the sequence of words and paragraphs or in the arrangement of the words into lines, or in the catch words at the beginning of the paragraphs. Section 38.1-379 provides that any violation of any provision of this article [3] shall be punished by a fine and possibly by suspension or revocation of license.

Section 38.1-366 requires that the insured give immediate notice to the insurer of any loss, and within sixty days after loss, unless extended in writing by the insurer, submit a proof of loss. If the parties fail to agree on the amount of the loss, appraisers shall make an award; and the amount of the loss for which the insurer is liable shall be payable sixty days after proof of loss is received and ascertainment of the loss is made either by agreement of the parties or the filing of an award. The limitation on bringing suit is in these words:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

This action was not commenced within twelve months next after the inception of the loss. As stated, the fire occurred February 13, 1957, and the action was not instituted until March 20, 1958, twelve months and thirty-five days after the inception of the loss. However,

the plaintiff contends that the limitation of twelve months provided by the statute and in the policy did not begin to run until sixty days after the proof of loss was received by the insurer, because the paragraph immediately preceding the limitation provision provides that the amount due by the company is not payable until the sixty days have expired. He cites § 38.1-341 in support of his contention. It is in these words:

"No provision in any policy of insurance limiting the time within which a suit or action may be brought to less than one year after the loss occurs or the cause of action accrues shall be valid.

"Where the policy of insurance requires the proof of loss, damage or liability to be filed within a specified time, all time consumed in an effort to adjust the claim shall not be considered as a part of such time."

This section is in Article 1 of chapter 8 of Title 38.1, which is headed "General Provisions". The first section in that Article is 38.1-328, which says in part that the "provisions of this chapter [8] shall apply to all kinds or classes of insurance" except annuities and ocean marine. The kinds and classes of insurance dealt with in chapter 8 are accident and sickness, fire, liability, life, industrial life and group. Provisions with respect to the time limitations on suits differ among the different classes. No policy of life insurance, with certain exceptions (§ 38.1-406), or industrial life insurance (§ 38.1-422) may limit suit time to less than one year "after the cause of action accrues". Section 38.1-349 permits a limitation on accident and sickness policies of three years after proof of loss is furnished. No specific limitations are prescribed in the Articles dealing with liability insurance and group insurance.

It seems reasonably clear that the function of § 38.1-341 is to provide a limitation upon the minimum time for bringing suit on policies as to which limitations are not specifically provided, and in such cases the policy may limit the time to not less than one year after the loss or after the cause of action accrues, as the policy may provide.

But the language of § 38.1-366 is plain and specific in its requirement as to fire insurance policies, and the policy sued on in the present case was written in compliance with the requirement, which is that the suit thereon shall not be sustainable "unless commenced within twelve months next after inception of the loss".

It is true that a number of courts have held that under such a provision in a policy in which the insurer is given a certain time in which to pay the loss, in this case sixty days after the proof of loss is

received, the limitation does not begin to run until the loss is payable; but others hold that the limitation provision means what it says and that the limitation begins at the inception of the loss, *i.e.*, when the fire occurs. See 29A Am. Jur., Insurance, § 1797, where cases on each side of the conflict are cited at p. 868.

The cases which postpone the running of the statute to the end of the sixty days generally follow the reasoning of the Circuit Court of Appeals for the Ninth Circuit in *Steel* v. *The Phoenix Insurance Co.*, reported unofficially in 154 U. S. 518, 14 S. Ct. 1153, 38 L. ed. 1064. The judgment in that case was affirmed by a divided Supreme Court and the Circuit Court of Appeals was also divided. The majority said that the "language used in the various conditions of the policy is that of the insurance company" and hence "the construction should be adopted which is most favorable to the insured;" and "the parties cannot be presumed to have suspended the remedy and provided for the running of the period of limitation during the same time". The limitation clause in the policy there considered was that it was expressly provided and mutually agreed that no suit should be sustainable unless commenced within twelve months "next after the date of the fire". The dissenting opinion said of it: "It is so clear and direct as to baffle attempts to make it more so."

*Finkelstein* v. *American Ins. Co.*, 222 La. 516, 62 So. 2d 820, following, the opinion says, the rule in the *Phoenix* case and "the majority rule in such cases since then," held that the limitation there involved, which is in the same words as the limitation in the present case, did not begin to run until sixty days *after the ascertainment of the loss* either by agreement or by an award made by appraisers, a more indefinite time and a more extended period than the sixty-day period. See also *Sample* v. *London &c. Fire Ins. Co.*, 46 S. C. 491, 24 S. E. 334; *Kirk* v. *Firemen's Ins. Co.*, 107 W. Va. 666, 150 S. E. 2.

*Appel* v. *Cooper Ins. Co.*, 76 Ohio St. 52, 80 N.E. 955, 10 L.R.A. (N.S.) 674, on the other hand, refused to follow the delayed commencement doctrine, which, said the court, "has for its support no other predicate than that of the claimed necessity for harmonizing these alleged conflicting provisions. * * * [U]nless we are to ignore the plain language of the contract, and by construction hold that it means one thing, when it clearly and plainly says a different thing, we must conclude that the obvious meaning of the contract is that no action shall be brought by the assured against the company until performance by him of those things required to be performed as

conditions precedent to his right to sue, and in no event after the expiration of six months."

The opinion ends with the statement that its conclusion that the limitation begins to run from the date of the fire "finds direct support in the following well-considered cases," which are then listed. See also *Margulies* v. *Quaker City &c. Ins. Co.*, 276 App. Div. 695, 97 N.Y.S. 2d 100; *Thames Realty Corp.* v. *Massachusetts &c. Ins. Co.*, 16 Misc. 2d 747, 184 N. Y. S. 2d 170.

Our prior decisions have adopted the view that a limitation clause such as that required by § 38.1-366 should be held to mean what it says. In *Virginia Fire & Marine Ins. Co.* v. *Wells*, 83 Va. 736, 3 S. E. 349, the policy stipulated that the time for bringing a suit thereon was limited to six months next after the loss. The action was not instituted within that time but the insured contended that the six months did not begin to run until his right of action accrued, or sixty days after proof of loss. It was held that the "privilege of postponing for sixty days the payment of the loss could not have been intended merely to abridge the period of limitation" and that the action was barred because not brought within six months after the date of the fire.

In *Southern Home Ins. Co.* v. *Bowers*, 157 Va. 686, 161 S. E. 914, it was held, in accord with a former decision, that a policy requirement that the insured should file a proof of loss within sixty days after the fire should be construed to require that it shall, unless waived, be filed before suit is brought. The court said that is what it understood the holding of a majority of the courts to be, "with this proviso, however: If the policy provides that the company cannot be required to settle until sixty days after proof of loss filed, and that no suit shall be brought unless brought in one year, then, unless the company has waived filing of proof of loss, a failure to file proof of loss until within sixty days of the expiration of the one year period will bar an action on the policy."

The limitation involved in the present case is not in the language of the insurance company. It is in the language of the General Assembly and expressed in words which the statute requires to be inserted in the policy, word for word, line for line, number for number. It says in plain, unambiguous words that no suit shall be sustainable unless it is commenced within twelve months next after the inception of the loss. It was enacted by the General Assembly after this court had twice said that time should be counted from the date of the fire. To employ the language of the *Bowers* case, if the legislature had

intended to change the rule as thus laid down, it is reasonable to suppose that it would have done so in some clearer and plainer manner than by the inference which the insured here seeks to draw.

The judgment appealed from is

*Affirmed.*