# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

B. B. WOODSON, TRUSTEE, ETC. v. COMMONWEALTH UTILITIES, INCORPORATED.

E. V. ECHOLS, TRUSTEE, ETC. v. COMMONWEALTH UTILITIES, INCORPORATED.

June 10, 1968.

Record Nos. 6680 and 6681.

Present, All the Justices.

*John C. Lowe (James H. Michael, Jr.; Michael and Dent*, on brief), for plaintiff in error in Record Nos. 6680 and 6681.

*Carl E. Hennrich* for defendant in error in Record Nos. 6680 and 6681.

I'ANSON, J., delivered the opinion of the court.

On December 14, 1965, plaintiff B. B. Woodson, trustee in bankruptcy for Sterling R. Decker and Mary Jane Decker, partners trading as Berkeley Community Builders, bankrupt, filed a motion for judgment against the defendant, Commonwealth Utilities, Incorporated, to recover the sum of $37,132.75 alleged to be due Berkeley

Community Builders for payments made by the partnership for materials, labor and other charges on behalf of the defendant.

Defendant filed grounds of defense asserting, *inter alia*, that plaintiff's claim is barred by the statute of limitations. It averred that plaintiff is substitute trustee in bankruptcy for T. J. Michie, Jr., who on February 21, 1962, had Sterling R. Decker, president of the defendant corporation, confess a judgment in favor of the trustee against the defendant before the clerk of the Circuit Court of Albemarle County, Virginia; that it is believed the confessed judgment was for the same claim the plaintiff asserts in the present case; that on May 31, 1965, the Circuit Court of Albemarle County entered a decree declaring the confessed judgment void because Decker lacked authority to confess the judgment; and that a petition for an appeal to the decree declaring the confessed judgment void was denied by this court on November 23, 1965, which in effect affirmed the decree of the trial court.

Plaintiff, by replication, filed a special plea claiming the benefit of § 8-34, Code of 1950, as amended, 1957 Repl. Vol., which he contends preserved the right to bring this new action within twelve months from May 31, 1965, the date on which the trial court set aside the confessed judgment.

Code § 8-34 reads as follows:

"If an action or suit commenced within due time in the name of or against one or more plaintiffs or defendants abate as to one of them by the return of no inhabitant or by his or her death or marriage, or if in an action or suit commenced within due time judgment or decree for the plaintiff shall be arrested or reversed upon a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit by reason of the loss or destruction of any of the papers or records in a former suit or action which was in due time; in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, or such arrest, or reversal of judgment or decree, or such loss or destruction, but not after."

After a pre-trial conference on defendant's plea of the bar of the statute of limitations and plaintiff's special plea, the trial court held that no action had been commenced because the confessed judgment had been declared void for lack of authority on the part of Decker

to confess the judgment under the requirements of Code § 8-359, where there was no action pending under Code § 8-356; that Code § 8-34 was not applicable; and that plaintiff's motion for judgment is barred by the statute of limitations. We granted plaintiff a writ of error to this judgment.

The sole question presented is whether the confessed judgment, which was later set aside and declared void, tolled the statute of limitations under Code § 8-34.

Plaintiff concedes that unless he is entitled to claim the benefit of that part of Code § 8-34 which provides that after a plaintiff has obtained a judgment in his favor and it is arrested or reversed upon a ground which does not preclude a new action for the same cause, his motion for judgment in the present case is barred by the statute of limitations.

Statutes quite similar to Code § 8-34 have their origin in the Act of 1623 (21 James I, c, 16, § 4). Such statutes are highly remedial and should be liberally construed in furtherance of their purposes, and are not to be frittered away by any narrow construction. *Gaines v. City of New York*, 215 N. Y. 533, 109 N. E. 594, 595, L.R.A. 1917C 203 (1915); 34 Am. Jur., Limitation of Actions, § 279, p. 226; 54 C. J. S., Limitation of Actions, § 287b, pp. 347, 348.

Code § 8-34 has been revised and amended several times, but the language in that part of the statute to which our attention is directed here has remained the same over the years. See, Code of 1849, Title 45, § 18, p. 594; Code of 1887, § 2934; Acts of Assembly 1893-94, p. 789; Acts of Assembly 1897-98, p. 252; Code of 1919, § 5826. However this court has not heretofore interpreted this provision of the statute.

An analysis of the present statute (§ 8-34) shows that its purpose is to negate the harsh results flowing from the statute of limitations in certain specific instances. There are four instances in which there is a suspension of the statute of limitations by reason of the pendency of a former suit brought in due time. These are: (1) Where such suit abates "by the return of no inhabitant," i.e., where the writ is not served for that reason; (2) where the suit abates by reason of the "death or marriage" of a party; (3) where, after the plaintiff has obtained a judgment or decree in his favor, it is "arrested or reversed upon a ground which does not preclude a new action or suit for the same cause"; and (4) where "there be occasion to bring a new action or suit by reason of the loss or destruction of any of the papers or records in the former suit or action which was in due time." *Jones*

v. *Morris Plan Bank of Portsmouth,* 170 Va. 88, 92, 93, 94, 195 S. E.
525, 526 (1938); Burks Pleading and Practice, 4 ed., Limitation of
Actions, § 235, pp. 411, 412.

In *Jones, supra,* the statute was held inapplicable in a case where
plaintiff's initial action was dismissed without reaching the merits of
the case because it was brought in the wrong forum. There we held
that plaintiff's case was not protected by the enumerated provision
of Code § 8-34.

We do not share the view of the trial court that no action was
commenced by plaintiff's predecessor trustee; that Code § 8-34 is not
applicable; and that the statute of limitations bars plaintiff's right to
proceed under his present motion for judgment. Here an action was
commenced when Decker submitted to the jurisdiction of the circuit
court by his appearance before the clerk of the court in his capacity
as president of the defendant corporation, acknowledged the indebt-
edness due by the corporation and consented to the entry of judgment
against it. While the confessed judgment was later declared void and
set aside in another proceeding because Decker had not been given
authority to confess the judgment, this was not a disposition of the
case on its merits and did not preclude the bringing of a new action.
Until the confessed judgment was declared void, plaintiff was barred
from instituting another action for the same claim. It would be a
strained use of language to say that there was no commencement of
an action where a judgment had been entered and defendant insti-
tuted its action to have the judgment declared void.

Here the judgment confessed by Decker in favor of the trustee in
bankruptcy and later declared void and set aside because of Decker's
lack of authority is clearly within the letter of the saving provision
of § 8-34, which provides that where a plaintiff has obtained a judg-
ment in an action commenced in due time and it is "arrested or re-
versed upon a ground which does not preclude a new action * * *
for the same cause * * *, the same may be brought within one year
after such * * * arrest or reversal of judgment * * *." Hence the
statute of limitations does not preclude plaintiff's right to proceed
with his motion for judgment in the present case.

The parties, by counsel, stipulated that the companion case of *E.
V. Echols, Trustee, Etc.* v. *Commonwealth Utilities, Inc.,* Record No.
6680, would be controlled by our decision in the present case.

For the reasons stated, the judgment in each case will be set aside
and reversed and both cases remanded.

*Reversed and remanded.*