## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Standard Drug Co., Inc.

v.

Hardware Mutual Ins. Co., Inc.

November 1, 1971

By JUDGE A. CHRISTIAN COMPTON

The court has concluded that the plaintiff is entitled to recover of the defendant in this case, ˙therefore, the defendant's motion for summary judgment is overruled.

Counsel have agreed that in the event of such a holding fixing liability upon the defendant, the issue of damages will be left open for future determination. It is for this reason that the plaintiff's motion for summary judgment is also overruled, since the amount of damages is in dispute. Rule 3:20.

This action seeks recovery of the amounts expended for attorney's fees, expenses and costs incurred by the plaintiff as the result of the alleged unjustified refusal of the defendant to defend a personal injury suit brought against this plaintiff in This Court.

On September 12, 1968, Charles A. Broaddus sued Standard Drug Company, Clarence E. Williams, The William J. Burns International Detective Agency, Inc., and Robert Lee Troutner alleging that on December 14, 1966, the plaintiff, while lawfully within one of the Standard Drug Company stores in Richmond, was injured as the result of the wilful and wanton acts of Williams and Troutner. The motion for judgment in that action, which sought compensatory and punitive damages, alleged that Williams, Troutner and Burns were the agents of Standard Drug Company acting within the scope of their employment at the time. The plaintiff claimed that he had suffered bodily injury, had incurred medical expenses and had suffered loss of time from work.

During the trial of that action, the court struck the plaintiff's evidence as to Standard upon the ground that no master-servant relationship existed between Standard and either Williams, Burns and/or Troutner, nor was Standard liable for the acts of Burns and Troutner as the employer of an independent contractor. This action of the trial court was affirmed on appeal. *Broaddus* v. *Standard Drug Co., Inc.*, 211 Va. 645, 649, 650 (1971).

On the date upon which the cause of action arose in the personal injury action, this defendant had in full force and effect a "Special Multi-Peril Policy" of insurance covering this plaintiff's premises where the injury occurred. Attached to this standard form fire policy, and in effect on the date in question, were endorsements which, *inter alia*, provided comprehensive general liability coverage to the plaintiff (endorsements SMP No. 186, SMP No. 202 and SMP No. 405).

By these endorsements, under the insuring agreements thereof, the defendant agreed in endorsement SMP No. 202:

> To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage sustained by any person caused by an occurrence, and the Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this endorsement even if any of the allegations of the suit are groundless, false or fraudulent; the Company may make such investigation and settlement of any claim or suit as it deems expedient.

"Occurrence" means, under the terms of the endorsement (SMP No. 405), "an event, or a continuous or repeated exposure to conditions, which causes bodily injury or property damage during the policy period that is neither expected nor intended by the insured."

"Bodily injury," under the policy, means "bodily injury. . . sustained by a person" and "damages" includes "with respect to bodily injury, damages for care and loss of services."

The parties have agreed that there are no disputed questions of fact as to the issue of liability or non-lia-

bility of the defendant to the plaintiff, and they have agreed that the court should decide this aspect of the case upon the recitation of the facts set forth by Justice Harrison in *Broaddus* and upon the policy of insurance involved which has been tendered and marked plaintiff's exhibit one.

The defendant urges that it is not liable to the plaintiff for two reasons. First, no coverage was owed to the plaintiff since the claim against it was based upon an intentional act, i.e., assault and battery, which is not an "accident" within the meaning of Virginia law and the term "accident" and the terms "occurrence" and "event" used in the policy are synonymous. This position is not well taken.

The policy does not define an "occurrence" as an "accident." The defendant contracted to pay on behalf of the plaintiff "all sums which the insured shall become legally obligated to pay as damages because of bodily injury. . . sustained by any person caused by an *occurrence*." That term is clearly defined in the policy as "an *event*. . . which causes bodily injury." "Event" is defined as "the fact of taking place or occurring; that which. . . happens; any incident." *Webster's New International Dictionary*, Second Edition.

Clearly, the claim of Broaddus is based on an "occurrence" which resulted in injury to him, which "event" was "neither expected nor intended" by the plaintiff, in the terms of the policy. As the plaintiff points out, there is found no exclusion in the policy for bodily injuries wilfully and wantonly caused. This being the case, and since "the obligation of a liability insurance company under a policy provision requiring it to defend an action brought against the insured by a third party is to be determined by the allegations of the complaint or petition in such action, even if they are groundless or false," (44 Am. Jur. 2d *Insurance*, § 1539, p. 419) the final outcome of Broaddus's action against the plaintiff is irrelevant to the considerations of the liability of the defendant here. Broaddus in his motion for judgment claimed damages as the result of bodily injury caused by the wilful acts of the alleged agents of the plaintiff. There being no exclusion for injury caused wilfully and the word "occurrence" meaning exactly what the policy says it means, it follows, therefore, that the defendant owed the plaintiff a defense and the court so holds.

Suffice it to say that none of the cases cited by the defendant deal with a case where the word "occurrence" is plainly defined in the policy as an "event," there being no exclusion for acts wilfully committed. As to the effect of intentional acts upon coverage under liability policies, see 44 Am. Jur. 2d *Insurance,* §§ 1411-1413; 2 A.L.R.3d 1238 (1965); 33 A.L.R.2d 1027 (1954).

Secondly, the defendant argues that even if it owed a defense to the plaintiff, this suit is not timely filed because of the provision of the policy on page 2 thereof as follows:

> Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

The defendant argues that the "loss" here sued upon occurred at the time of the disclaimer by the defendant, which was more than twelve months before this suit was filed.

The limitation, if it applies here, is valid and the language of the limitation is, of course, statutory language required to be included in every fire policy issued or delivered in this State. See Code § 38.1-366 and *Ramsey* v. *Insurance Company,* 203 Va. 502 (1962), which construes the limitation. However, by the clear terms of the policy, that limitation does not apply to the comprehensive general liability endorsement here. At the top of page 4 of the policy, it is provided as follows:

> A. Modification of Terms: Provisions on page 2, other than those pertaining to waiver, cancellation and concealment and fraud, do not apply to Section II of this policy.

The limitations of suit provision relied on by the defendant being on page 2 and Section II of the policy dealing with the liability coverage here at issue, the limitations of suit provision on page 2 has no application here. The provisions dealing with actions against the company applicable to the liability coverages are found on page

4 of the policy in paragraphs I. and J. thereof, which provisions do not set a time limitation for suit.

Parenthetically, even if the claimed limitation of suit provision applied to the liability coverage here, by unjustifiably refusing to defend the action against the plaintiff and thereby breaching its contract, the defendant cannot at the same time take advantage of such a prohibitory provision in the contract. 44 Am. Jur. 2d, *Insurance*, § 1550, p. 432, and 49 A.L.R.2d 694, 759 (1956). See *Hunter v. Hollingsworth*, 165 Va. 583, 588 (1936).

For these reasons, the defendant's motion for summary judgment is overruled and the liability herein is fixed upon the defendant.

Counsel may see me at any convenient time to obtain a date for the hearing upon the issue of damages.