## CIRCUIT COURT OF THE CITY OF NORFOLK

Cora L. McLean

v.

Citizens Home Insurance Co.

November 27, 1979

Case No. (Law) L-79-1829

By JUDGE JOHN W. WINSTON

Defendant by Special Plea contends that Plaintiff's suit on an industrial life insurance contract is barred by the limitations of the contract and of the applicable statute. This court disagrees, hence overrules the Special Plea.

The insurance contract in question was entered into between Thomas McLean and Defendant on April 10, 1978. Thomas McLean died on August 21, 1978. Proofs of loss were furnished Defendant on August 26, 1978. Defendant notified Plaintiff beneficiary on August 31, 1978, that her claim was denied. This suit was then filed on September 27, 1979.

Virginia Code § 38.1-422 prohibits the issuance of any industrial life insurance policy if it contains a provision "(1) Limiting the time within which any action at law or in equity may be commenced to less than one year after the cause of action shall accrue." Thus the Legislature left it to the parties to fix their own limitation period, subject to the minimum standard requirement of the statute.

Defendant drew the insurance contract used here. It was signed by Defendant and by Thomas McLean. This contract provides:

> *Limitation of Action*: No suit or action at law or in equity shall be maintainable hereon

> if begun before the expiration of sixty days or subsequent to the expiration of twelve months after filing proofs of claim.

Such contract provision clearly means that Plaintiff's cause of action did not accrue until the time when suit could first have been filed.

Since the proofs of loss were filed on August 26, 1978, the cause of action accrued 60 days later, or on October 25, 1978. This suit on the policy would have been time-barred one year later, or after October 24, 1979. But not until then. Code § 38.1-422.

The *Mock* case decided by this court is not to the contrary. For there, suit was clearly barred since it was filed almost three years after the required proofs of loss were presented and claim denied.

*Ramsey* v. *Home Insurance Co.*, 203 Va. 502 (1962), and *Southern Home Insurance Co.* v. *Bowers*, 157 Va. 686 (1932), both involve fire losses and are thus inapposite here, though *Bowers* can be read to favor plaintiff.