## CIRCUIT COURT OF HENRICO COUNTY

Jesse E. Tolley
and Sally Ann Tolley

v.

Southern Mutual Ins. Co.

July 29, 1980

Case No. 80-L-110

By JUDGE E. BALLARD BAKER

This is an action on a fire insurance policy, alleging damage on December 18, 1977, the Motion for Judgment filed on March 13, 1980.

By Special Plea, the defendant contends that the contract requires suit within two years. For Answer to the Special Plea, the plaintiff says the action was first brought on September 15, 1978, and was non-suited on November 21, 1979, by Order entered nunc pro tunc as of October 17, 1979. The plaintiff then relies on the six months provision of § 8.01-229(E)(3) which, at the time this suit was brought read as follows:

> If a plaintiff suffers a voluntary nonsuit . . . the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date he suffers such nonsuit, or within the original period of limitation, whichever period is longer.

Defendant alleges that its policy provides a two year limitation and contends this is a contractual limita-

tion, not a "statute of limitations with respect to such action" and therefore the six months provision does not apply.

An annotation at 16 ALR 3d 452 at 461 points out that limitation provisions in a statutory form of insurance contract are construed as statutory rather than contractual in some states, while other states reach a contrary conclusion.

The result in Virginia turns on the interpretation of the Virginia statutes.

The two year limitation in the policy is a part of the standard fire insurance policy under § 38.1-366. That section provides that every fire insurance policy:

> shall contain the following provisions, conditions, stipulations and agreements, which shall be a standard form for use in all policies of fire insurance.

In 1979, the General Assembly adopted § 38.1-367.2 which, among other things provides that the State Corporation Commission may issue rules regarding standards for content, and then goes on to say that nothing is to prevent insurers from issuing policies more favorable to the insured than those rules. I find nothing which would permit a fire insurer to vary the terms of the standard policy, prior to 1979, even upon conditions more favorable to the insured. *Ramsey* v. *Home Insurance*, 203 Va. 502, also indicates this to be so.

The two year limitation in the policy is a part of the contract between the parties, but it is a statutorily required part.

Section 8.01-229 is a part of Chapter 4 "Limitations of Actions." Section 8.01-228, the first section of that Chapter, provides:

> Every action for which a limitation period is prescribed by law must be commenced within the period prescribed in this chapter *unless otherwise specifically provided in this Code.* (Italics added).

The italicized words do not appear in the Report of the Code Commission to the Governor and General Assembly, (House Document 14, 1977, p. 138) nor is the Revi-

sers' Note the same. The Report does indicate that Section 8.01-229 is the comparative section to 8-34.

Section 8-34 did not allow further time where a nonsuit was taken. 6A M.J. *Dismissal* § 33.

In *Woodson* v. *Comm. Utilities*, 209 Va. 72 (1968), the Court pointed out that statutes such as 8-34 "are highly remedial and should be liberally construed in furtherance of their purposes, and are not to be frittered away by any narrow construction." (209 Va. 74).

In *Weinstein* v. *Glens Falls Insurance*, 202 Va. 722 (1961), the Court discussed the limitation provision of Section 38.1-366, which at that time was 12 months. The issue was whether an equity suit to reform a fire policy, brought prior to the termination of a law action on the policy but more than twelve months after the loss, was barred. The Court held no, saying:

> the statute having stopped running upon the institution off the law action, the suit in chancery was not barred. (202 Va. 730).

The Court also quotes from C.J.S. with respect to satisfying a contract limitation, so it cannot be said that the use of "statute" in the above quote is overwhelmingly persuasive.

The defendant points out that subparagraphs 1 and 2 of § 8.01-229 refer to "prescribed limitation period" while the subparagraph involved here mentions "the statute of limitations," and suggests that the use of the latter supports its position. "Prescribed limitation period" could include a contractual limitation; the statute of limitations would not.

Giving § 8.01-229 a liberal construction, which I think is required, I conclude that (E)(3) is applicable to the two year limitation here. This limitation period is required and spelled out by statute. Prior to 1979, the parties could not vary it. It had to be a part of the fire contract by statute.

I am unable to hold that the acceptance of a fire insurance policy in 1977 with the limitation period required by statute transforms the limitation to a contractual agreement.