## CIRCUIT COURT OF THE CITY OF RICHMOND

Samuel Stewart

v.

Drug City, Inc., et al.

March 15, 1989

Case No. LM-70-4

By JUDGE RANDALL G. JOHNSON

The following factual allegations and procedural history are relevant to the matters presently before the court. On September 13, 1985, plaintiff went to the Drug City store at 5246 Hull Street Road in Richmond, Virginia, to have his prescription for the drug Dymelor filled. Instead of receiving Dymelor, however, plaintiff was given the drug Diamox. On January 3, 1986, after experiencing problems with the medicine he was given, plaintiff went to the office of his physician and was told that his prescription had been misfilled.

On September 1, 1987, plaintiff mailed to Drug City and to F. M. Weinberg, the pharmacist whose initials appear on the label on the subject medicine and the person whom plaintiff believed had filled the prescription, a notice of claim pursuant to the Medical Malpractice Act, Va. Code Section 8.01-581.1 *et seq.* On September 11, 1987, only ten days after mailing his notice of claim, plaintiff filed suit in this court against Drug City and Weinberg. Drug City and Weinberg filed a demurrer and a motion to dismiss on the grounds, *inter alia*, that they were health

care providers within the meaning of Va. Code Section 8.01-581.1, and that no motion for judgment could be filed against them within ninety days of plaintiff's mailing his notice of claim to them. *See* Va. Code Section 8.01-581.2. On January 11, 1988, more than ninety days after mailing his notice of claim and prior to any ruling on defendants' demurrer and motion to dismiss, plaintiff filed a second, identical suit against defendants, which is the suit presently pending. On February 17, 1988, also prior to any ruling on defendants' demurrer and motion to dismiss, the first suit was voluntarily nonsuited. Presently before the court are Drug City's plea of the statute of limitations, Weinberg's motion for summary judgment, and plaintiff's motion to substitute a party defendant.

### 1. *Statute of Limitations*

Plaintiff's motion for judgment contained six counts. Three of those counts were dismissed by order entered July 15, 1988. The remaining counts allege negligence, constructive fraud, and violation of the Virginia Consumer Protection Act, Va. Code Section 59.1-196 *et seq.* Drug City's plea of the statute of limitations seeks to bar each of those counts.

Drug City's statute of limitations plea is based on this court's decision in *Gressman v. Peoples Service Drug Stores, Inc.,* 10 Va. Cir. 397 (1988), which held that a pharmacy identical in all material respects to Drug City is not a health care provider under the Medical Malpractice Act. Since the pending motion for judgment was filed more than two years after plaintiff's cause of action arose, and since the tolling provision of Va. Code Section 8.01-581.9 (120 days) applies only to suits against health care providers,[1] Drug City argues that plaintiff's suit is barred by the two-year limitation for personal injuries contained in Va. Code Section

---

[1] Va. Code Section 8.01-581.9 provides, in pertinent part: "The giving of notice of a claim pursuant to Section 8.01-581.2 shall toll the applicable statute of limitations for and including a period of 120 days from the date such statute of limitations would otherwise run . . . ." The pending suit was filed within this 120 day period.

8.01-243(A). Plaintiff, on the other hand, argues that the two-year statute should not bar his claims because (1) Drug City, by stating that it was a health care provider in the previous suit, is now estopped from avoiding the 120 day tolling provision applicable to health care providers, and (2) the three-year contract statute of limitations should apply to plaintiff's claim under the Virginia Consumer Protection Act. While the court rejects these specific arguments of plaintiff, Drug City's plea of the statute will nevertheless be overruled.

Plaintiff's estoppel argument is without merit because at least since March 24, 1988, when plaintiff's counsel was made aware of the *Gressman* decision at a hearing on defendants' demurrers, plaintiff's counsel has known, or certainly should have known, that Drug City is not a health care provider and is not subject to the 120 day tolling provision of Va. Code Section 8.01-581.9. Thus, there could no longer be any "rightful reliance" upon the representations of Drug City. *See American Mutual Liability Insurance Company v. Hamilton*, 145 Va. 391, 403, 135 S.E. 21 (1926) ("[W]hen one by his acts, through representations or admissions, . . . induces another to believe certain facts to exist, and such other *rightfully relies* and acts upon such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts, estoppel [to plead the statute of limitations] arises.") (Emphasis added).

With regard to plaintiff's argument concerning the three-year contract statute, such statute (Va. Code Section 8.01-246), by its express terms, is subject to Section 8.01-243, which provides for a two-year limitation on actions for personal injury, "*whatever the theory of recovery*" (Emphasis added).

It is undisputed that plaintiff's first suit, filed September 11, 1987, was filed within the two-year limitation of Va. Code Section 8.01-243. It is also undisputed that if plaintiff had filed his second suit, the one now pending, within six months after nonsuiting the first, the present action would be timely. This is so because Va. Code Section 8.01-229(E)(3) provides, in pertinent part:

> If a plaintiff suffers a voluntary nonsuit
> . . . the statute of limitations with respect

to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date he suffers such nonsuit . . . .[2]

In order for Drug City's plea of limitations to prevail, then, this court must hold that the filing of the second suit *prior* to nonsuiting the first does not constitute a "recommencement" of the nonsuited action. The court will not so hold.

In *Woodson v. Commonwealth Utilities, Inc.*, 209 Va. 72, 161 S.E.2d 669 (1968), the Court said the following with respect to former Section 8-34, a predecessor to 8.01-229:

Statutes quite similar to Code Section 8-34 have their origin in the Act of 1623 (21 James I, c. 16, Section 4). Such statutes are highly remedial and should be liberally construed in furtherance of their purposes and are not to be frittered away by any narrow construction. 209 Va. at 74.

Here, plaintiff had filed a lawsuit against Drug City prior to the expiration of the two-year statute of limitations, even without the 120 day tolling provision of Section 8.01-581.9. That action was nonsuited. Under Drug City's argument, a valid and timely action would now be pending if plaintiff's counsel had simply photocopied the original motion for judgment and filed it after his nonsuit but prior to August 17, 1988. Instead, plaintiff proceeded with a previously-filed motion for judgment which itself is identical in every respect to the nonsuited one. To hold that the pending action is time-barred simply because after plaintiff's nonsuit, plaintiff's counsel did not tender to the clerk's office a piece of paper styled "Motion for Judgment" which would have been identical to the motion for judgment which had already been filed

---

[2] The 1988 amendment, which specifies that the six-month period for recommencing a nonsuited action begins to run from "the date of the order entered by the court," has no effect on this action.

and which was still pending would be to impose upon Section 8.01-229(E)(3) the narrow construction frowned upon in *Woodson.* Since the purpose of the statute of limitations, that is, to let the defendant know that suit is filed within a specified period after a claim arises, was unquestionably served by the filing and pendency of the second action before the first action was nonsuited, the narrow construction of Section 8.01-229(E)(3) advocated by Drug City is unwarranted. Accordingly, Drug City's plea of the statute of limitations will be overruled.

## 2. *Summary Judgment*
### *And Motion to Substitute a Party Defendant*

Defendant, F. M. Weinberg, has moved the court for summary judgment. His motion is based on the fact that even though his initials appear on the label of the misfilled prescription and are stamped on the prescription sheet retained by Drug City, plaintiff has now stipulated that he is not the person who filled, or misfilled, plaintiff's prescription. Because plaintiff's stipulation in this regard removes any genuine dispute of any material fact regarding Weinberg, Weinberg's motion for summary judgment will be granted.

While conceding that summary judgment in favor of Weinberg is appropriate, plaintiff contends that he should be allowed to substitute "John Doe" as a defendant in his place. In support of his motion to substitute, plaintiff points to defendants' responses to requests for admissions in which defendants admit that plaintiff's prescription was filled at Drug City by an employee of Drug City. Citing *Jacobson v. Southern Biscuit Company*, 198 Va. 813, 92 S.E.2d 1 (1957), defendant argues that such substitution is permissible and appropriate even though the statute of limitations with regard to "John Doe," or whoever actually filled the prescription, has run. The court does not agree.

In *Jacobson*, the plaintiff filed a motion for judgment against a corporation which had been dissolved some five years earlier. When plaintiff learned of that fact, he filed an amended motion for judgment against the successor corporation. Ruling that the amended motion for judgment constituted a new action, and that the statute of limita-

tions had run, the trial court dismissed the action. Reversing, the Supreme Court stated:

> "Where the substituted party bears some relation of interest to the original party and to the suit, and there is no change in the cause of action, a substitution may be allowed."
>
> If the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in the cause of action originally stated. 198 Va. at 817 (citations omitted).

In holding that an amendment should have been allowed, the Court noted that even though the corporation named in the original motion for judgment was dissolved, its name was still the trade name of the successor corporation. In addition, plaintiff's claim was for a debt incurred by the successor corporation on an account maintained under its trade name; that is, the name of the dissolved corporation. Moreover, the original motion for judgment was served on the assistant secretary-treasurer of the successor corporation who had held the same office in the dissolved corporation, the Court noting that such officer "knew that the plaintiffs were asserting a claim on a contract made by [the successor corporation] in its trade name and that [the successor corporation] was the corporation intended to be sued." 198 Va. at 818. Such factors are not present here.

In the case at bar, plaintiff mailed a notice of claim to, and filed suit against, F. M. Weinberg, a real and existing entity. "Weinberg" is not an alias of the pharmacist who actually filled plaintiff's prescription, nor is "John Doe" a successor to Weinberg. While both Weinberg and "John Doe" are pharmacists and employees of Drug City, that is the extent of their "relation of interest." "John Doe" is not presently before the court and has never been served with any type of notice of plaintiff's claim. In short, there is no theory under which this court can hold that "the right party [is] before the court 'although under a wrong name'." *Rockwell v.*

*Allman, Admr.*, 211 Va. 560, 561, 179 S.E.2d 471 (1971) (distinguishing *Jacobson, supra*). Because "John Doe" is an entirely different entity from F. M. Weinberg and because the statute of limitations as to "John Doe" has run, plaintiff's motion to substitute a party defendant must be denied.