**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1656**

DONNA MIRABILE,

            Plaintiff - Appellant,

      v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

            Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:06-cv-00573-RAJ)

Submitted: August 11, 2008       Decided: August 21, 2008

Before TRAXLER and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael F. Leban, LEBAN AND ASSOCIATES, P.C., Virginia Beach, Virginia, for Appellant. John C. Lynch, TROUTMAN SANDERS LLP, Virginia Beach, Virginia; Jon S. Hubbard, TROUTMAN SANDERS LLP, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donna Mirabile appeals the district court's order granting a motion for summary judgment filed by Life Insurance Company of North America ("LINA") and dismissing Mirabile's action challenging termination of her disability benefits. Because the policy at issue is an employee welfare benefit plan, the action is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 - 1461 (2000). We have reviewed the record and find no reversible error.

Mirabile claims the district court erred when it dismissed her case as time—barred. We review de novo a district court's order granting summary judgment, viewing the facts in the light most favorable to the nonmoving party. Holland v. Washington Homes, Inc., 487 F.3d 208, 213 (4th Cir. 2007), cert. denied, 128 S. Ct. 955 (2008). As ERISA does not contain a statute of limitations governing private causes of action for benefits, courts must look to the most analogous state statute of limitations. See White v. Sun Life Assur. Co. of Canada, 488 F.3d 240, 245 (4th Cir. 2007) (citing Wilson v. Garcia, 471 U.S. 261, 266-67 (1985)).

The district court applied Va. Code Ann. § 38.2-314 (2007), which invalidates any provision in any insurance policy limiting the time within which to bring an action on the policy to a period of less than one year. Mirabile's long-term disability policy with LINA ("the Policy") stated that any legal action had to

2

be brought within three years of accrual of the claim. The Policy also contained a clause that extended any time limit to agree with the minimum limitations period permitted by the law of the state of residence.

Mirabile argues the district court should have applied the five-year statute of limitations for actions under a written contract in Va. Code Ann. § 8.01-246(2) (2007). She contends that because the Policy's three-year period is less than the five—year period permitted by § 8.01-246(2), the Policy's extension clause should extend the limitations period to agree with § 8.01-246(2). We find, however, that § 38.2-314, not § 8.01-246(2), dictates the appropriate limitations period for insurance contracts. Section 38.2-314 sets the minimum limitations period allowed in Virginia for filing suit on an insurance contract at one year. See Ramsey v. Home Ins. Co., 125 S.E.2d 201, 202 (Va. 1982) (purpose of predecessor to § 38.2-314 is "to provide a limitation upon the minimum time for bringing suit" to one year). As the Policy's three—year limitation period is greater than the one—year minimum in Virginia, the extension clause did not apply; consequently the applicable limitations period is the three—year period set forth in the Policy.

"'An ERISA cause of action does not accrue until a claim of benefits has been made and formally denied.'" White, 488 F.3d at 246 (quoting Rodriguez v. MEBA Pension Trust, 872 F.2d 69, 72

(4th Cir. 1989)).  Mirabile's claim accrued on May 31, 2002, when LINA upheld its earlier decision to terminate her benefits. Mirabile filed suit on September 11, 2006, over four years after the accrual of her claim and beyond the applicable three-year limitations provision contained in the Policy.  Therefore, the district court did not err when it granted LINA's motion for summary judgment and dismissed Mirabile's claim as time—barred.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED